In the Matter of John Suerken, Petitioner, against Joseph D. McGoldrick, as Commissioner of the Temporary State Housing Rent Commission, Respondent.

Supreme Court, Special Term, Bronx County, April 6, 1951.

*John Zenir* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Beatrice Shainswit* of counsel), for respondent.

*Louis A. Mediatore* for Raymond Robare and another, landlords.

Eder, J. Motion is denied and petition and proceeding are dismissed. This is an application under article 78 of the Civil

Practice Act to review and thereupon reverse and annul a determination of the Temporary State Housing Rent Commission, which granted a certificate of eviction authorizing the landlords to institute summary proceedings to recover possession of the premises, an apartment occupied by petitioner in a two-family dwelling house. As to petitioner, the application of the landlords was originally denied, but upon further consideration the order of denial was vacated and an order made authorizing such certificate of eviction to issue.

This proceeding to review and annul the determination authorizing the certificate of eviction to issue, in the nature of an appeal, was argued on April 2, 1951. On that day, it appears, that chapter 443 of the Laws of 1951 (amdg. State Residential Rent Law) was enacted.

Section 5, entitled " Evictions ", subdivision 2, paragraph (a), provides that where the housing accommodations are located in a one or two-family house and the landlord seeks in good faith to recover possession for his own personal use and occupancy, " *immediate and compelling necessity need not be established* ". (Italics supplied.)

Here the basis of the landlords' application was that possession of the premises was desired for their personal use and occupancy because of immediate and compelling necessity. At first the commission found against landlords on this issue: upon a reconsideration it concluded that such necessity was shown. This latter determination is challenged essentially on the claim that no new evidence to support this finding was shown.

This now becomes a moot question in view of the enactment of the above-mentioned statute during the pendency of the instant proceeding. It is clear that this provision *eliminating the requirement of immediate and compelling necessity*, as regards evictions from one- or two-family houses, renders this proceeding futile, whatever its merit might have been originally and prior to the passage of this law. Those facts are no longer of moment. It is enough that the landlord seeks in good faith to recover possession for his own personal use and occupancy. This is established by the record.

In determining the correctness of a decision the court must apply the law as it exists at the time of determination.

In view of this rule the petition must be dismissed. Settle order.